Citation Nr: 1443661 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 11-05 303 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUE

Entitlement to service connection for atrial fibrillation, to include as secondary to service-connected diabetes mellitus.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


WITNESSES AT HEARING ON APPEAL

Appellant and Appellant's wife


ATTORNEY FOR THE BOARD

R. Connally, Associate Counsel

INTRODUCTION

The Veteran, who is the appellant in this case, had active military service from October 1967 to July 1969.

This appeal comes to the Board of Veterans' Appeals (Board) from a September 2009 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan.

The Veteran provided sworn testimony in support of his appeal during a hearing before the undersigned Veterans Law Judge in September 2013. The hearing transcript has been reviewed and associated with the file. 

In December 2013, the Board denied service connection for atrial fibrillation, to include as secondary to service-connected diabetes mellitus. The Veteran appealed the Board's decision, in part, to the United States Court of Appeals for Veterans Claims (Court). In June 2014, the Court issued an Order granting a Joint Motion for Remand by the parties, vacating the decision with respect the issue described above, and remanding the matter to Board for further action.

Consideration of the Veteran's appeal has included review of all documents within the Veteran's Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system files. The documents within these systems do not include any non-duplicative materials pertinent to the present appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As noted, the Court granted a Joint Motion for Remand in June 2014. The parties agreed that the Board committed remandable error by relying on an inadequate VA medical opinion. See Ardison v. Brown, 6 Vet. App. 405, 407 (1994). The parties stated that the Board incorrectly denied the Veteran's claim in large part based on the opinion of the February 2009 VA examiner that the Veteran's atrial fibrillation was not caused or aggravated by his diabetes mellitus. The Court agreed that the February 2009 VA examiner simply stated a conclusion and provided no rationale for his opinion. A medical opinion without any explanation or rationale to support its conclusion is of little probative value. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (holding that a probative medical opinion will be "factually accurate, fully articulated, [with] sound reasoning for the conclusion"); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (holding that a VA medical opinion "must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions").

Additionally, the Board denied entitlement to service connection on the basis of exposure because atrial fibrillation is not one of the listed diseases associated with herbicide exposure. See 38 C.F.R. § 3.309(e). However, the U.S. Court of Appeals for the Federal Circuit has found that even when the disease is not presumptively associated with herbicide exposure, a claimant may nonetheless demonstrate directly that his disease is related to herbicide exposure in-service. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

Accordingly, the case is REMANDED for the following action:

1. The RO should contact the Veteran and request that he identify any private or VA treatment for atrial fibrillation since February 2009, the date of the most recent VA examination. Any necessary authorization for the release of records should be obtained and any records identified should be requested. All records obtained must be associated with the claims file.

2. Schedule review of the Veteran's records by a VA examiner, with regard to the Veteran's claimed atrial fibrillation condition, and provide a supplemental medical opinion and adequate rationale therein. If it is determined that additional examination of the Veteran is necessary to provide a reliable opinion and rationale, such examination should be scheduled. The pertinent documents in the claims folder and the Board's remand instructions must be made available to and reviewed by the clinician.

In the supplemental medical opinion (or on examination, if necessary), the VA examiner is to address the following by providing an adequate rationale for each opinion, to include citation and any necessary explanation of scholarly resources used to arrive at each conclusion:

a. State whether the Veteran's atrial fibrillation is at least as likely as not (i.e., to at least a 50 percent degree of probability) related to his hypertension. 

b. State whether the Veteran's atrial fibrillation is at least as likely as not related to his diabetes. 

c. State whether the Veteran's atrial fibrillation is at least as likely as not directly related to his exposure to herbicides during service. 

Note: The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it (i.e., "tie goes to the runner.").

3. Thereafter, re-adjudicate the issue on appeal in light of all the evidence of record. If the benefit remains denied, the Veteran should be provided a supplemental statement of the case (SSOC) that addresses all relevant actions taken on the claim, to include a summary of the evidence and applicable law and regulations considered, since the issuance of the last SOC.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).